Hillsborough,
    Dec., 1897.

### GREGG & a. v. PAGE BELTING CO.

Where a known, described, and defined article is ordered of and supplied by a manufacturer, there is no implied warranty that it shall answer the particular purpose for which it was stated to be required.

A judgment is conclusive as to all facts litigated and determined in the action, against the defendant of record and one who was seasonably notified and requested to defend.

Where a judgment in an action for personal injuries necessarily involves a finding of actual negligence on the part of the defendant, he cannot recover contribution or indemnity in a suit against a third party, who was bound by the judgment in the original action and whose negligence co-operated to cause the injury, if at the time of the accident neither could have prevented it by the exercise of ordinary care.

CASE, for negligence. The plaintiffs seek to recover the amount paid upon a judgment obtained against them by Joseph Levesque for the damages sustained by him from the fall of the plaintiffs' elevator. The plaintiffs allege that the fall of the elevator and Levesque's consequent injury were caused by the negligence of the Belting Company in repairing the belt by which the elevator was sustained and operated, and that Levesque recovered against them on that ground. The Belting Company were seasonably notified of Levesque's suit and requested to defend it.

The plaintiffs put in evidence Levesque's judgment against them and proved its payment. The belt was manufactured by

the Belting Company about two years before the accident, upon the plaintiffs' order for a belt of a specified size to run an elevator and expressing a preference for a cemented belt, *i. e.*, with cemented instead of riveted laps. The belt was made in that manner and operated satisfactorily until a few days before the accident, when it was sent to the Belting Company for repairs. The plaintiffs introduced evidence tending to show that at the time of the accident one of the laps that was cemented by the Belting Company in making the repairs came apart, in consequence of which the elevator fell, and that the lap was improperly and negligently cemented. They presented the belt to the jury for inspection, together with evidence tending to show that it was in the same condition as at the time of the accident, that it was exhibited to the jury at the trial of Levesque's action, and that all the circumstances of the accident were laid before them.

Levesque's declaration alleged negligence in three particulars: (1) That the belt was improperly repaired; (2) that the elevator was improperly constructed and furnished with unsuitable hoisting apparatus; and (3) that suitable safety appliances were not provided. At the trial, Levesque's counsel read the declaration and spoke of all the grounds of complaint against Gregg & Son. Evidence was presented to the jury tending to show that the belt was improperly repaired, and the belt was shown to the jury. The greater part of the evidence related to the last two grounds of complaint. In the closing arguments, counsel for Gregg & Son discussed the three grounds of complaint, and counsel for Levesque the last two only.

The jury were instructed, without objection by either party, as follows: " The plaintiff Levesque alleges that he was injured in consequence of the defendants' negligence in providing an unsuitable elevator for his use while in their employ. The alleged unsuitableness consists of two particulars: First, the use of a belt with cemented laps to suspend, raise, and lower the car; instead of wire cable or Manilla rope; second, the absence of safety appliances to arrest the fall of the car in case the belt parted, or the car was otherwise released when above the bottom of the well. · The plaintiff alleges that the defendants were negligent in these two particulars, and, as I understand the case, he alleges no other particulars in which he claims that they were negligent." These two questions and the question whether Levesque was in fault were the only ones submitted to the jury, except the question of damages.

In the present case, the court ordered a verdict for the Belting Company, and the plaintiffs excepted.

*George B. French* and *Charles H. Burns,* for the plaintiffs.

*Streeter, Walker & Hollis* and *Charles J. Hamblett,* for the defendants.

CARPENTER, C. J. There was no express warranty by the defendants of the sufficiency of the belt for the use made of it, and none can be implied. "Where a known, described, and defined article is ordered of a manufacturer, although it is stated to be required by the purchaser for a particular purpose, still if the known, defined, and described thing be actually supplied, there is no [implied] warranty that it shall answer the particular purpose intended by the buyer." Benj. Sales, *s.* 657; *Chanter* v. *Hopkins,* 4 M. & W. 399; *Ollivant* v. *Bayley,* 5 Q. B. 288; *Wilson* v. *Lawrence,* 139 Mass. 318, 321; *Jones* v. *Just,* L. R. 3 Q. B. 197, 202. The plaintiffs directed the size and method of constructing the belt. They relied upon their own judgment, not upon that of the manufacturers. 1 Par. Cont. 470; *Prideaux* v. *Bunnett,* 1 C. B. N. S. 613; *Whitmore* v. *Iron Co.,* 2 Allen 52.

The plaintiffs' action is brought to recover damages for injuries caused to them, as they say, by the defendants' negligence. It differs from the ordinary action instituted for that purpose in no particular except in the method of proof by which some of the material facts are established. Here, as in all similar cases, the plaintiffs must show that the injuries complained of were not caused by their own negligence, but were caused by that of the defendants. They must prove that by the exercise of ordinary care they could not, and the defendants could, have prevented the accident.

Except as evidence, the judgment in Levesque's action against the plaintiffs is immaterial. Its sole effect is to relieve the parties from the burden of proving or disproving the facts therein litigated and determined. Upon those facts both parties are concluded by the judgment. But it is neither conclusive nor evidence that the accident happened by reason of a defect in the belt, or of the defendants' negligence in repairing it. That is a question which was not adjudicated in that action; and from the nature of the case it could not be if taken alone and of itself. If Levesque had alleged the defective belt as the sole ground of his action, in order to entitle him to a verdict he must have proved not only that the belt was defective, but also that Gregg & Son knew or by ordinary care would have known that fact, or that they negligently employed improper and unskillful persons to make the repairs. *Clark* v. *Barrington,* 41 N. H. 44, 52; *Roughan* v. *Company,* 161 Mass. 24, 26, and cases cited. A judgment in his favor on such grounds would be conclusive against the plaintiffs' right to maintain this action. It would be conclusive that the accident was in part caused by their negligence in using the belt. There was no evidence tending to show that they knew or

by the exercise of due care could have discovered the defect in the belt, or that the Belting Company were not competent and skillful repairers of belts. It was for this reason, doubtless, that either Levesque's counsel abandoned the defect in the belt as a ground of recovery, or the court withdrew it from the consideration of the jury.

Under the instructions of the court, the jury must necessarily have found (1) that Levesque was without fault; (2) that Gregg & Son were negligent, either in making use of a cemented belt, or in not providing safety appliances, or in both these particulars; and (3) that as compensation for his injuries Levesque was entitled to the sum assessed as damages. The judgment is no more conclusive on one point than the other. The estoppel is mutual. If these defendants are concluded on the questions of Levesque's innocence and the amount of damages, so also are these plaintiffs concluded on the question of their own negligence. These questions appeared on the face of the pleadings, and have been fully and fairly tried. Both these parties had equal opportunities to obtain and present all the evidence bearing upon them that existed, and presumably all such evidence was produced, heard, and considered. The judgment, therefore, is conclusive upon both the present parties, not only that Levesque was without fault and on the question of his damages, but also that the accident was due to the plaintiffs' negligence in using for their elevator a cemented belt, or in not providing proper safeguards, or in both particulars. The question is whether, upon the established facts and upon the finding of a jury that the belt was defective by reason of the defendants' negligence in repairing it, and that but for such defect the accident would not have happened, the plaintiffs can recover. If they can, the verdict must be set aside; otherwise, it must stand. In considering the question it must be assumed that a jury would so find. It is to be taken as an established fact that but for the defendants' negligence the accident would not have occurred.

The law looks at the situation and conduct of the parties at the time of the injury. The accident was the direct and immediate result from the defective and dangerous condition of the elevator. In the aspect of the case most favorable to the plaintiffs, this condition was created by the antecedent and concurring negligence of both parties, and at the time of the accident neither of them could have prevented it by the exercise of ordinary care. It is established by the judgment that the dangerous situation would not have existed if the plaintiffs had exercised ordinary care. Neither, as must be assumed, would it have existed if the defendants had exercised like care. Ordinary care on the part of either party would have prevented the injury. In such a case neither can recover of the other. They are equally in fault.

Proof by the plaintiffs that ordinary care on the part of the defendants would have rendered the elevator safe does not entitle them to recover, because a like degree of care on their part would have had the same effect. *Company* v. *Railroad*, 62 N. H. 159, 164, 165; *Churchill* v. *Holt*, 127 Mass. 165; *S. C.*, 131 Mass. 67, 69.

It is to be borne in mind that the question here is not whether Levesque could have recovered of these defendants had he elected to sue them. That he might have so recovered may be conceded. In such a suit it would be no answer for them to show that Gregg & Son were also guilty of negligence which contributed to cause the accident. A traveler is not precluded from recovering against a town by proof that a defect in his carriage, not known to or discoverable by him, contributed to cause the accident. *Clark* v. *Barrington*, 41 N. H. 44. He might recover of the manufacturers, if their negligence caused the defect, as well as against the town; but it is not probable that any one would contend that the town could recover indemnity or contribution from the manufacturers, or the manufacturers from the town. So here, the sole question now is whether one of two parties can recover of the other damages which he has been compelled to pay for an injury caused by the co-operating negligence of each of them. The relative or comparative influence or effect of the negligence of one or the other is immaterial. The common law does not recognize the doctrine of comparative negligence. If in any degree, however small, the negligence of one co-operates with that of the other, each is equally responsible for the injury thereby caused to a third person. It is, and on principle must be, the universal doctrine that where each of two parties is severally liable for an injury caused in part by his own negligence, neither can recover of the other any portion of the damages he may have been compelled to pay.

It is said "that a person using a machine which he knows to be dangerous can recover of the party responsible, for an injury received, not from the known dangerous character of the machine, but through a secret and unusual defect, of which the injured party did not know and which due care would not have disclosed to him." This may be conceded. Undoubtedly, if Gregg & Son could show that the accident was in no part caused by the improper and dangerous use to which the belt was put, but wholly by the defect therein created by the defendants' negligence, and which due care would not disclose to them, they could recover. Their trouble is that they cannot show it. It is already conclusively established by the Levesque judgment that their negligent and improper use of the belt did at the least contribute to cause the injury. If they had given the Belting Company no notice of the Levesque suit, or if for any reason they were not con-

cluded by that judgment (*Hanover* v. *Dewey*, 58 N. H. 485), a very different case would be presented. All questions would then be open, and it would be competent for the jury to find that the accident was caused wholly by the defect in the belt; but it would none the less be the duty of the court to instruct them that if they should find that Gregg & Son negligently put the belt to a use for which they knew it to be unfit, and this negligence contributed in any degree to cause the injury, their verdict must be for the defendants.

A employs B to make him a gun. Through B's negligence it has a secret defect. A negligently overloads it, and it bursts and injures him. A may recover his damages of B if he can convince a jury that the defect was the exclusive cause of the bursting, and not otherwise. If the excessive charge caused or contributed to cause the bursting, he cannot recover. If C, a bystander, is injured by the bursting gun and brings his action therefor against A, it is enough for him to show, in order to recover, that the negligent excessive charge contributed — co-operated with the defect — to cause the injury. If it was caused wholly by the secret defect, he could not recover against A. Whether he could recover against B is a question on which the authorities are at variance. If in the suit, C v. A, A should notify B of the action and request him to defend it, A would gain the advantage of having B concluded upon the questions of C's care and the amount of his damages; but on the other hand, he would himself be concluded upon the question of his own fault. If the nature of the suit was different such a result would not follow. If A was sued as a master for the negligence of his servant, it would be prudent to give notice of the suit to the servant, because in the subsequent suit against him the servant could not contest the due care of the party injured, the amount of damages, nor his own negligence in causing the injury. Such a case would stand like a suit against a sheriff for official wrongs committed by his deputy. So, also, in actions against towns for damages to a traveler caused by incumbrances unlawfully placed in the highway by some one, and, as the town claims, by A. If A is notified of the suit against the town, in a subsequent suit brought by the town against him he is concluded by the former judgment on every material question except whether he caused the incumbrance complained of. This question is still open, because in the suit against the town it was immaterial whether A or some one else put the incumbrance in the road. The town, notwithstanding its negligence in law in not removing the nuisance created by A, is not *in pari delicto* with him. Although in fact guilty of no negligent act, the law makes the town responsible to the traveler for the negligence of A, as it makes the master responsible for the negligence of his servant.

An altogether different case is presented when the first action can only be maintained upon a showing of the defendants' personal and actual negligence. In such a case the plaintiff can recover only upon a showing that the defendants themselves were actual wrongdoers. If that fact is conclusively established, it is certain that they can recover over against nobody. A notice in that case to a joint tort-feasor, to one even whose fault chiefly contributed to cause the injury, would be worse than useless, — it would insure him immunity. The reason for the different results is the essentially different nature of actual and constructive negligence, — of wrongdoing in fact and wrongdoing imputed by law. The fact that a course of procedure appropriate for use only in cases of constructive negligence has been adopted in a case where actual negligence is charged, cannot change the law.

It is urged that " the result of the doctrine announced is that the information from Gregg that an elevator belt was wanted, instead of calling on them for carefulness to make a belt at least as strong as for ordinary purposes, was a license to them to make as poor a belt as they could. An application of abstract principles which produces such a result seems erroneous." This suggestion at once falls to the ground when it is considered that Levesque might have brought his action against the Belting Company and recovered of them his damages, and that they in that case could have recovered neither indemnity nor contribution of Gregg. Their escape from the consequences of their negligence is accidental, as that of any one of twenty willful fellow-trespassers may be. It might as well be argued that the law forbidding contribution between wrongdoers offers an inducement to one to engage with others in unlawful enterprises, in that it gives him a chance of escaping all liability. In short, it is a criticism of the universally accepted law that there can be no contribution between actual wrongdoers.

*Exception overruled.*

BLODGETT, CHASE, and WALLACE, JJ., did not sit: PARSONS, J., dissented: the others concurred.