(156 App. Div. 453.)

### BUFFALO STEEL CO. v. ÆTNA LIFE INS. CO.

(Supreme Court, Appellate Division, Fourth Department. April 30, 1913.)

1. INSURANCE (§ 435*)—EMPLOYER'S LIABILITY POLICY—EXCEPTIONS—ILLEGAL EMPLOYMENTS.

An employer's liability policy provided that it did not cover loss arising on account of or resulting from injuries to any person employed in violation of law, etc. Plaintiff innocently employed a boy under 16, in violation of the Labor Law (Consol. Laws 1909, c. 31), and he, having been injured, recovered a judgment against plaintiff for negligent failure to properly instruct and warn him of the dangers in operating a dangerous machine. *Held*, that such facts, in connection with the general verdict in the injury action, established that the child's employment was unlawful, within the exception of the policy, and hence the insurer was not liable.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1144; Dec. Dig. § 435.*]

2. INSURANCE (§ 435*)—EMPLOYER'S LIABILITY POLICY—CONSTRUCTION.

An employer's liability policy, excepting from the insured risk a loss from injury to a person employed in violation of law, should not be lim-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ited to· cases where the injured employé was "negligently" or "knowingly" employed in violation of law.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1144; Dec. Dig. § 435.*]

3. INFANTS (§ 14*)—EMPLOYMENT—MISDEMEANOR—KNOWLEDGE.

While an employer of a child under 16 would not be liable to him for negligence in employing him, if he was justified in believing that the child was over 16, as he represented himself to be, the employment would nevertheless be unlawful, and would constitute a misdemeanor; since the fact that the employer has been imposed on by the child or his parents with respect to age does not relieve the employer from criminal liability, if in fact the child is under employable age.

[Ed. Note.—For·other cases, see Infants, Cent. Dig. § 15; Dec. Dig. § 14.*]

4. INSURANCE (§ 388*)—EMPLOYER'S LIABILITY POLICY—EXCEPTION—WAIVER.

Plaintiff, having been sued by a minor employé for injuries, notified defendant to defend under plaintiff's indemnity policy; whereupon defendant notified plaintiff that it would take charge of the case, but that, if it should be decided that the servant was illegally in its employ, defendant would expect plaintiff to satisfy any judgment that might be recovered, distinctly claiming that the claim of any one illegally in plaintiff's employ was not covered by the policy, under a provision excepting injuries to a person employed in violation of law. Thereafter defendant was permitted to go on with the case, and defended the action without assistance from plaintiff until after verdict, when, under an agreement with defendant that none of its rights under the policy, nor its claim that defendant was liable, .should be waived or prejudiced, plaintiff's attorney participated in a motion for new trial, and an appeal. *Held*, that by such conduct defendant did not waive its right to claim exemption under the policy.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1026, 1027, 1030, 1035, 1040, 1057; Dec. Dig. § 388.*]

Appeal from Trial Term, Erie County.

Action by the Buffalo Steel Company against the Ætna Life Insurance Company. From a judgment dismissing the complaint on the merits (136 N. Y. Supp. 977), plaintiff appeals. Affirmed.

Argued before McLENNAN, P. J., and KRUSE, ROBSON, FOOTE, and LAMBERT, JJ.

Simon Fleischmann, of Buffalo, for appellant.
Alfred L. Becker, of Buffalo, for respondent.

KRUSE, J. The action is upon an indemnity policy of insurance to recover the amount of a judgment paid by the plaintiff, recovered against it by Bertram Tetter, a boy employed by plaintiff, for personal injuries sustained by him while at work in its rolling mill and steel plant, through the negligence of the plaintiff. The defendant indemnity company contends that the claim is not covered by the policy.

The plaintiff operates a steel plant. The boy was injured while operating a machine. One of his eyes was put out. The jury specifically found that the machine was a dangerous machine within the meaning of the Labor Law, and that the boy was not of the age of 16 years at the time of the accident, and rendered a general verdict in his favor. The accident occurred February 28, 1907, at 7:15 in the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

evening. The policy covers the plaintiff's liability 'for loss or expense arising or resulting from claims upon the assured for damages on account of bodily injury or death, accidentally suffered by reason of the operation of the trade or business therein described, by any employé or employés of the assured while within the factory, shop, yard, or places therein referred to, upon certain terms and conditions therein mentioned, containing under the heading of "Exclusions" the following:

"B. This policy does not cover loss or expense arising on account of, or resulting from injuries or death to, or if caused by (1) any person employed in violation of law, or any child under the age of fourteen (14) years, where there is no legal restriction as to age of employment."

The policy requires the assured to give notice of accident, and in case suit is brought to forward the papers served to the indemnity company, which agrees at its own cost to defend the suit, unless it elects to settle or pay the assured the indemnity, as provided in the policy. The summons and complaint served upon the plaintiff were delivered to the defendant, with a demand that the defendant take charge of the defense of the suit in accordance with the terms of the policy. The defendant, prior to receiving the summons and complaint, had made an investigation of the case, and the agents of the defendant notified the plaintiff that it would take charge of the case; but, if it should be decided that the boy was illegally in its employ, defendant would expect the plaintiff to satisfy any judgment which should be recovered, distinctly claiming that the claim of any one illegally in the employ of the plaintiff was not covered by the policy. A few days thereafter the plaintiff's president stated to a representative of the defendant that the defendant could go on with the case, but that the plaintiff waived none of its rights, to which the defendant's representative replied that the defendant did not wish to take away any of the plaintiff's rights. Thereupon the defendant undertook the defense of the action, its attorneys appearing for the plaintiff in the action and defending the same, and no attorney was employed by the plaintiff upon the trial or in the action prior to the rendering of the verdict therein. After the verdict, the plaintiff, under a special arrangement and agreement with the defendant that none of its rights under the policy and its claim that the defendant was liable to it should be waived or prejudiced thereby, had its attorney participate with the attorneys employed by the defendant in the motion for a new trial and the appeal to the Appellate Division. The motion for a new trial was denied, and the judgment was affirmed by the Appellate Division. The plaintiff paid the judgment, and, upon the defendant's refusal to repay the same to it, brought this action.

The defendant contends that the injured employé was employed and permitted to work in the plaintiff's factory in violation of law, in that: (1) He being between the age of 14 and 16 years, was employed and permitted to work without an employment certificate issued and filed in the office of the employer, as the Labor Law requires; (2) being under the age of 16 years, was employed or permitted to work in the factory after 5 o'clock in the evening, in violation of section 77 of the Labor Law (Consol. Laws 1909, c. 31); (3) being under

the age of 16 years, was permitted to operate or assist in operating a dangerous machine, contrary to the provisions of section 81 of the Labor Law, as it existed at the time of the accident.

In the employé's action there was submitted to the jury as grounds of negligence and recovery against the employer: (1) Negligent unlawful employment; and (2) negligent failure to properly instruct and warn the boy against the dangers in operating the machine. There is no specific finding to indicate upon which ground the verdict was rendered. It is found in this action that there was no negligent employment, and it is argued that the course of the trial in the negligence action indicates that the age of the boy was but incidentally involved, and that the verdict was rendered, not upon negligent employment under the Labor Law, but for failure to properly instruct and warn the boy, upon common-law liability.

[1, 2] I will assume that the verdict was rendered upon the latter ground, but I think the claim is nevertheless outside the policy. As before stated, it was found in the negligence action that the boy was under 16 years of age, and that the machine which he was permitted to operate and which caused his injuries was dangerous. That of itself, in connection with the general verdict, establishes that his employment was unlawful. It is, however, further contended that the words "negligently" or "knowingly," or their equivalent, should be implied or read into the exclusion clause before the words "employed in violation of law." I do not think the clause can reasonably be given that construction. It plainly excludes claims for injuries to persons employed in violation of law. Not only was the statute violated in permitting the boy to operate a dangerous machine, but it was that very employment which caused his injuries.

[3] While it is true that if the employer believed, and was justified in believing, that the boy was over 16 years of age, as he represented himself to be, the employer could not be held liable to the boy in a civil action, for negligence in employing him when he was under age (Koester v. Rochester Candy Works, 194 N. Y. 92, 87 N. E. 77, 19 L. R. A. [N. S.] 783, 16 Ann. Cas. 589), the employment was nevertheless unlawful and a misdemeanor (Penal Code, § 384*l*; Penal Law, § 1275; People v. Taylor, 192 N. Y. 398, 85 N. E. 759). An employer who employs a child to work in a factory or at a dangerous machine does so at his peril. Even if the employer has been imposed upon by the child or its parents respecting the age of the child, that does not relieve the employer from criminal liability, if it turns out the child is under the age fixed by the Labor Law.

I am therefore of the opinion that the policy does not cover the claim in question.

[4] 2. It is also urged that the defendant, by taking charge of the negligence action and defending the same, has waived or estopped itself from now claiming that the policy does not cover the judgment recovered in that action. That would be so, but for the circumstances before referred to under which the defense was undertaken. I fully appreciate the force of the suggestions made by the learned counsel for the appellant; but it seems to me that, unless we are pre-

pared to reconsider our decision in the case of Mason-Henry Press v. Ætna Life Insurance Co., 146 App. Div. 181, 130 N. Y. Supp. 961, we must decide this question against the appellant. In that case we reversed the judgment in favor of the assured. The case was again tried, and our decision followed at the trial, and the plaintiff was defeated. We affirmed that decision at our last January term, and the case is now in the Court of Appeals. I think this case is no more favorable to the insured, as regards the question now being considered, than the Mason-Henry Press Case.

I conclude that the judgment should be affirmed, with costs. All concur.