Hillsborough, }
April 1, 1924. }

## FRANK X. GRAVELINE *v.* D. F. SULLIVAN AUTO CO.

One of two or more joint wrongdoers who have been compelled to pay damages for their joint wrong cannot recover of another joint wrongdoer *in pari delicto.*

Where upon a bill in equity wrongly brought, instead of an action at law, the same issues have been determined as would have been determined at law, the case may be considered and decided by the supreme court, if counsel so agree.

BILL IN EQUITY, to indemnify the plaintiff for the amount of a judgment recovered by one Ladriere against these parties jointly and satisfied by the plaintiff. Trial by the court, who found for the defendant and dismissed the bill. Plaintiff excepted. The Ladriere suit was an action for negligence in the operation of an automobile in which the plaintiff and an employee of the defendant were riding. In that action, the jury without objection or exception on the part of Graveline, were given but two blanks for verdicts, one for and one against Graveline and the D. F. Sullivan Auto Company jointly. In the present case the plaintiff requested the court to find that "whatever negligence there was in the operation of the automobile at the time of the accident was wholly the negligence of the D. F. Sullivan Auto. Co. and not the negligence of the plaintiff." This request was denied, and the plaintiff excepted.

At the close of the evidence the plaintiff moved for a decree. This motion was denied subject to exception. Transferred by *Marble,* J.

*James A. Broderick,* for the plaintiff.

*Demond, Woodworth, Sulloway & Rogers,* for the defendant.

PLUMMER, J. This suit, as stated by counsel in their briefs, should have been an action at law. But as it has been tried, and the same issues determined as would have been if it had been an action at law, there seems to be no reason why the case cannot be considered and decided, as now presented, in accordance with the request of counsel.

The plaintiff excepted to the refusal of the court to find that "whatever negligence there was in the operation of the automobile at the time of the accident was wholly the negligence of the D. F.

Sullivan Auto. Co. and not the negligence of the plaintiff." This exception raises substantially the same question as the other exceptions of the plaintiff. Was the plaintiff entitled to a verdict on the evidence in the case? If there was any substantial evidence tending to prove that the negligence of the plaintiff contributed to cause the accident, this exception must be overruled. An examination of the record discloses that there was abundant evidence upon which the court could find that the plaintiff's negligence contributed to cause the accident.

As there was evidence of the plaintiff's actual fault, the general finding for the defendant establishes that the plaintiff was a joint tortfeasor. It follows from this that he cannot recover here. "The common law does not recognize the doctrine of comparative negligence. If in any degree, however small, the negligence of one cooperates with that of the other, each is equally responsible for the injury thereby caused to a third person. It is, and on principle must be, the universal doctrine that where each of two parties is severally liable for an injury caused in part by his own negligence, neither can recover of the other any portion of the damages he may have been compelled to pay." *Gregg* v. *Company*, 69 N. H. 247, 251. "One of two or more joint wrong-doers, who has been compelled to pay damages for a joint wrong, cannot recover of another *in pari delicto*." *Boston & Maine Railroad* v. *Brackett*, 71 N. H. 494, 497.

*Exceptions overruled.*

All concurred.