## LEWIS v. UNITED AIR LINES TRANSPORT CORPORATION, et al., and three other cases.

### Nos. 44, 64, 72, 106.

District Court, D. Connecticut.

Oct. 4, 1939.

Rehearing Denied Jan. 4, 1940.

Day, Berry & Howard, of Hartford, Conn., and Harold E. Drew, of Derby, Conn., for plaintiffs.

Wiggin & Dana, of New Haven, Conn., for defendant United Aircraft Corporation.

Pond, Morgan & Morse, of New Haven, Conn., for defendant United Air Lines Transport Corporation.

Watrous, Hewitt, Gumbart & Corbin, of New Haven, Conn., for defendant Bethlehem Steel Co.

HINCKS, District Judge.

This matter is now before the court upon the application of the United Aircraft Corporation under Rule 12(d) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, for a determination of the validity of Aircraft's special defense, contained in Paragraphs 27 and 28 of its answer to the crossclaim, addressed to Paragraphs 28, 29 and 30 of both counts of the cross-claim.

Briefly stated the question thus raised is whether Air Lines, which owned and operated the crashed plane, is entitled to a declaratory judgment·that it is entitled to recover of Aircraft, its co-defendant, which manufactured the engine of the crashed plane (one cylinder of which is alleged to have been defective), "such amounts as Air Lines may have been or may be required or compelled to pay as damages for the death of the passengers, including the alleged intestate of the plaintiff herein, and members of the crew of the said airplane, and to expend or incur for legal or

other necessary services in connection with said claim."

The cross-claim also includes in its prayer for relief a judgment for the sum of $93,154.78 representing the alleged value of the airplane lost in the crash. As to this item, however, the cross-claim has none of the characteristics of an application for a declaratory judgment; it seeks the forthwith recovery of the sum claimed. Likewise as to Aircraft's liability to indemnify Air Lines for any damages recovered of Air Lines by the plaintiff in this suit. Indeed, by the pending application Aircraft does not question the propriety of a judgment, if it shall eventually be warranted by the proofs, requiring Aircraft to indemnify Air Lines for such sums as Air Lines may become liable to pay to the plaintiff in this suit. I therefore treat these two items as being outside the scope of the pending application. In my discussion, I shall for brevity refer to the representatives of persons, other than the plaintiff herein, who were killed in the crash as "stranger-plaintiffs", whether they have respectively filed suits against Air Lines, or not.

Air Lines' claimed right of indemnity from Aircraft depends in part upon the right of the stranger-plaintiff and the relations between Air Lines and the stranger-plaintiff. Clearly, if the stranger-plaintiff has no right against Air Lines, Air Lines has no right of indemnity against Aircraft. And if the relations between Air Lines and the stranger-plaintiff were such that the negligence of Air Lines was the sole proximate cause of injury to the stranger-plaintiff, it is again clear that Air Lines has no right of indemnity against Aircraft.

Since the relations between Air Lines and the stranger-plaintiffs, on the one hand, and between Air Lines and Aircraft on the other hand, are inextricably interwoven, I feel that it would be improper—and certainly not a wise exercise of discretion—to sanction the use of a declaratory judgment for a determination of the relative rights of the two parties to the triangle now before the court in the absence of the third party in the triangle, viz., the stranger-plaintiff, whose right or absence of right necessarily has a vital effect upon the relations between Air Lines and Aircraft.

To hold otherwise might well lead to an impossible impasse. I have in mind a situation more serious than that which results in judgments apparently or even actually inconsistent, such for example as

may arise when two plaintiffs injured in a single accident sue the same defendant each in different jurisdictions. Inconsistent judgments in such cases may be attributable to such factors as differences in the local law, variances in the record of fact, or even perhaps to differences in trial strategy or the comparative skill of counsel. They may even result because upon the same law and facts the triers have reached different conclusions. The appearance of such inconsistencies is doubtless unfortunate in that it demonstrates the fallibility of the judicial process. But this feature is perhaps inevitable under our dual, decentralized form of government. In any event it has always been inherent and never seems to have done much harm.

But the use of a declaratory decree here might result not merely in judgments inconsistent with each other, but even in a positive conflict between the effect of opposing judgments. For instance, suppose: That a decree herein should declare that Air Lines was wholly without fault and that Aircraft alone was responsible; that thereafter a stranger-plaintiff recovers judgment in New York against Air Lines as sole defendant and that Air Lines then attempts to enforce its claimed right of indemnity against Aircraft in, say, Delaware. The Delaware court under fundamental principles would be required to admit the New York judgment (showing Air Lines at fault) as proof of Air Lines' liability to the stranger-plaintiff, and under the same principles must admit the Connecticut decree (showing Air Lines without fault) as proof of Aircraft's liability to Air Lines and an absence of liability from Air Lines to the stranger-plaintiff. Air Lines, the plaintiff in Delaware, is a party both to the New York judgment and the Connecticut decree; as a party it is bound by both. On such a record, the Delaware court must necessarily extend to one of the two judgments something less than the full faith and credit to which both are entitled.

The result would be not a mere inconsistency between two judgments, each however being given full effect. It would be an actual conflict for which, unless I mistake, our jurisprudence contains no satisfactory solution.

Nor would such a conflict be avoided if Air Lines, having suffered judgment to a stranger-plaintiff, should attempt to enforce its claim of indemnity against Aircraft not by independent action but instead

by some kind of supplemental proceeding in this court. This court might then be confronted with the impossible task of reconciliation between the judgment of the stranger-plaintiff and the declaratory decree theretofore entered herein.

The use of a declaratory decree in such a situation as this seems as yet not to have received much discussion. But in Maryland Casualty Co. v. Consumers Finance Service, 3 Cir., 101 F.2d 514, it was expressly stated that those claiming against one insured by an automobile liability policy were *necessary* parties, together with the insured, to a proceeding brought by the insurer for a declaratory judgment. The claimants there had a relation to the situation there involved essentially analogous to that of the stranger-plaintiffs here. See also Central Surety & Ins. Corp. v. Caswell, 5 Cir., 91 F.2d 607. And in many such cases, the necessity for a joinder of parties has been assumed. Aetna Casualty & Surety Co. v. Quarles, 4 Cir., 92 F.2d 321; Associated Indemnity Corp. v. Manning, 9 Cir., 92 F.2d 168; United States Fidelity & Guaranty Co. v. Pierson, 8 Cir., 97 F.2d 560.

I have reached my decision with some regret due to the fact that quite possibly the situation which underlies this litigation may so develop that the entry of a declaratory decree herein might, without any conflict between judgments, serve to eliminate the need again to litigate the issues which will be once litigated herein. In this respect, this is perhaps a hard case which will make bad law—unless the judge is watchful. But after all, the multiplicity of suits is a danger which on last analysis is traceable to the Venue Act. If Aircraft could be joined as a co-defendant in all actions wherever brought by stranger-plaintiffs against Air Lines, or better yet if all stranger-plaintiffs could be joined in a single action against both defendants, the need of a multiplicity of suits to cover the three points of each triangle in the series would be gone. Indeed, it is my observation that not infrequently the Venue Act obstructs procedural improvements; witness the defeat (subject to appeal) of Aircraft's earlier attempt to implead a third party defendant into this very action. But as long as Congress shall consider the Venue Act, notwithstanding its occasional inconvenience, as sound in principle, procedural devices, no matter how beneficent in the average run of cases, may not properly be treated as immune from questions of venue.

Nor would it accord with the cannons of sound practice to write into the judgment herein, without knowledge of the amounts involved, a blank check for the payment to Air Lines of its "legal or other necessary services" in connection with its defense against any primary judgment which may hereafter be obtained by a stranger-plaintiff. If the situation so develops that Air Lines suffers an adverse judgment and by independent suit seeks indemnity therefor from Aircraft, the court having jurisdiction of that suit will be in position to pass upon not only indemnity for the primary judgment but also all questions both of fact and of law relating to Air Lines' claim of indemnity for its expenses in defending the primary action by the stranger-plaintiff.

It is accordingly ordered that the defense stated in Paragraphs 27 and 28 of Aircraft's answer to Paragraphs 28, 29 and 30 of the cross-claim be sustained.

## On Air Lines' Motion for Rehearing

United Air Lines Transport Corporation has moved for rehearing on the subject matter of my memorandum of October 4, 1939, upon the ground that I erroneously assumed that a judgment against Air Lines in favor of a stranger to these actions would be conclusive against Air Lines in any action which Air Lines might subsequently bring against Aircraft as indemnitor.

It appears to me that the cases cited by Air Lines fail to support its motion for rehearing.

Air Lines, to be sure, cites a number of cases which recognize that one adjudged guilty of secondary negligence, such as failure to inspect, Pullman Co. v. Cincinnati, etc., R. Co., 1912, 147 Ky. 498, 144 S. W. 385, or to warn and protect the locus in quo, New York Railroad Co. v. Massachusetts Bonding & Ins. Co., 193 App.Div. 438, 184 N.Y.S. 243, or to provide safe access to place of work, The No. 34, 2 Cir., 25 F.2d 602, may recover over from the one primarily liable. It cites a case, Erie Railroad Co. v. Buffalo Traction Co., 220 App. Div. 520, 521, 221 N.Y.S. 680, holding that even one adjudged guilty of active negligence may recover over from another in contract, at least if the indemnitee's contract rights had not been adjudicated in the antecedent tort action.

The rule is otherwise, however, if the rights determinative of the action over in contract had necessarily been included in the antecedent judgment in tort. Edinger

& Co. v. Surety Insurance Co., 1918, 182 Ky. 340, 206 S.W. 465.

But Air Lines overlooks the well established rule that one whose active negligence has been adjudicated cannot, in an action over, invoke the judgment as proof of his liability to the tort claimant and still escape its effect as a determination of his own primary liability precluding any recovery over. American Surety Co. v. Singer Sewing Machine Co., D.C., 18 F. Supp. 750; Gregg v. Page Belting Co., 69 N.H. 247, 46 A. 26, and Buffalo Steel Co. v. Aetna Life Ins. Co., 156 App.Div. 453, 141 N.Y.S. 1027.

To be sure, in the hypothetical case which I put of an action over in Delaware, the fundamental conflict which I thought it so desirable to avoid might not arise if the antecedent New York judgment demonstrated that the negligence of Air Lines were secondary only; in such case under Pullman Co. v. Cincinnati R. Co., supra, and the other cases cited by Air Lines, the secondary negligence of Air Lines would not necessarily be inconsistent with its recovery over against Aircraft if the latter were found either by judgment or by independent evidence, to be primarily liable.

But if the New York judgment demonstrated the affirmative negligence of Air Lines, if used in an action over, say, in Delaware it would be in direct conflict with a Connecticut decree adjudicating, say, an absence of all negligence on the part of Air Lines. It is this possibility which makes it so unwise to attempt to determine in these actions liabilities relating to the relations between Air Lines and others who are strangers to these actions.

The motion is accordingly denied.