# Erie County Electric Co., Appellant, *v.* Mutual Telephone Co.

*Negligence—Electric companies — Telephone companies — Non-insulated wire—Indemnity—Record of former suit.*

Where a telephone company and an electric company maintain pole lines along the same side of a street, and the telephone company attaches a wire of the electric company by a bracket to one of its own poles, and thereafter a lineman of the telephone company is killed by coming in contact with the wire which was uninsulated, and his widow recovers damages in a suit against the electric light company, the latter company, having refused to intervene in the damage suit, cannot recover the amount of such damages from the telephone company on the ground of its negligence in attaching the wire to a telephone pole, where the record of the damage suit offered in evidence by the electric company shows that the judgment recovered therein was based on a finding that the electric company had been negligent in permitting the wire to remain uninsulated.

Argued April 28, 1919.  Appeal, No. 34, Jan. T., 1919, by plaintiff, from order of C. P. Erie Co., Sept. T., 1915, No. 263, refusing to take off nonsuit in case of Erie County Electric Company v. Mutual Telephone Company.  Before BROWN, C. J., FRAZER, WALLING, SIMPSON and KEPHART, JJ.  Affirmed.

Trespass to recover the amount of a judgment which plaintiff was compelled to pay.  Before CRISWELL, P. J., specially presiding.

The court entered a compulsory nonsuit, which it subsequently refused to take off.  Plaintiff appealed.

*Error assigned* was refusal to take off nonsuit.

*W. Pitt Gifford,* of *Gunnison, Fish, Gifford & Chapin,* for appellant.—While it was decided in the Phillips case that the appellant was guilty of negligence, that negligence was in omitting the care we were bound to exercise in correcting the condition after it had been created by the defendant.  In other words, our negligence was the negligence of omission while the negligence of the appellee was the negligence of commission.  There was no joint neglect.  The appellant and the appellee were not joint tort-feasors.  The negligence of which we were convicted by the verdict of the jury, was of the same character as the negligence of defendant's originally sued in many cases decided by this court and by the courts of other states, in which indemnity against the party creating the dangerous conditions originally was allowed: Brookville Borough v. Arthurs, 130 Pa. 501; Brookville Borough v. Arthurs, 152 Pa. 334; Reading City v. Reiner, 167 Pa. 41; Dutton v. Lansdowne Borough, 198 Pa. 563; Fowler v. Jersey Shore Borough, 17 Pa. Superior Ct. 366; Washington Gas Light Co. v. Dist. of Columbia, 161 U. S. 315.

*John B. Brooks,* of *Brooks, English & Quinn,* with him *T. A. Lamb,* for appellee, cited: Olyphant Sewage Drain-

age Co. v. Olyphant Borough, 211 Pa. 526; Cent. Penna. Tel. Co. v. Wilkes-Barre & West Side Ry. Co., 1 Dist. Rep. 628.

OPINION BY MR. CHIEF JUSTICE BROWN, June 21, 1919:

The pole lines of the Erie County Electric Company and the Mutual Telephone Company are on the east side of Sassafras street, in the City of Erie. At a certain point on these lines the telephone company erected a pole, which passed between the wires of the electric company. It extended fifty feet above the ground. The poles of the electric company were but thirty feet high, its wires being lower than those of the telephone company. After erecting the high pole the telephone company attached wires of the electric company to it by a bracket, the nearest wire being but three and one-half inches from the pole. In June, 1911, Herman Phillips, a lineman employed by the telephone company, ascended the pole in question to repair a broken telephone wire and remedy some other trouble on the line. He climbed up the pole until his left shoulder came in contact with the appellant's high tension wire attached to the bracket, when he was shocked and fell to the ground, sustaining injuries from which he died. His widow brought suit against the electric company, claiming that the death of her husband was due to its negligence. The appellee was notified by it to appear and defend in the suit, as the appellant would hold it liable for any damages recovered. The appellee refused to appear; the jury returned a verdict for the plaintiff, upon which judgment was subsequently entered. On appeal to this court it was affirmed: Phillips v. Erie County Electric Company, 249 Pa. 445. The appellant, having paid the amount of the judgment, interest and costs, brought this suit to collect from the appellee the amount paid, with interest and necessary expenses incurred in preparing and defending at the trial. Its cause of action, as set forth in its statement, is, "The plaintiff was not guilty of any act of negligence by reason

or in consequence of which the said Herman G. Phillips was killed; its whole line was in perfect condition and the death occurred solely by reason of the negligence of the said Mutual Telephone Company in carelessly attaching and maintaining the wire of the said plaintiff to the pole of the said Mutual Telephone Company, in the manner above described, and in not leaving space between said wire and the pole of the said defendant to permit any person lawfully ascending the said pole to do so without coming in contact with said wire."

The plaintiff offered in evidence as its first testimony, in support of its claim against the appellee, the entire record in the action brought against it by Vera M. Phillips. By that record it has bound itself, and it is not now "at liberty to deny the principle, upon which it appears, from the face of the record itself, that the action was decided, and the recovery had against [it], or, in other words, to prove that the recovery was wrong": Weckerly v. Lutheran Congregation, 3 Rawle 172. Turning to that record, what does it disclose? The negligence charged against the defendant as the proximate cause of the death of plaintiff's husband was the uninsulated wire of the defendant, and, turning to the charge of the trial judge, as is proper, to ascertain what question was submitted to the jury (Follansbee v. Walker et al., 74 Pa. 306), it clearly appears that the charge of negligence upon which they were to pass was the "lack of insulation" by the electric company of its wire at the point where the deceased came in contact with it. It was the duty of that company to have its wire there properly insulated, for it is presumed to have known that not only its employees, but those of the telephone company, in the lawful performance of their duties, might climb up the pole: Fitzgerald v. Edison Electric Illuminating Company, 200 Pa. 540; Hipple v. Edison Electric Illuminating Co., 240 Pa. 91; and, if the wire had been properly insulated, no injury could have resulted from contact with it.

Nothing that the appellee did is a basis for the claim for indemnity made against it by the appellant. It had placed its poles on Sassafras street as directed by the proper municipal authorities, who had reserved the right to grant the franchise to it to occupy the street jointly with the appellant, and, prior to the death of Phillips, no question was raised by the appellant as to appellee's right to maintain the poles there, with the bracket attached to the one which he climbed.

The nonsuit was properly entered, and the judgment appealed from is affirmed.