## BUELL v. HALL.

No. 22671.    Oct. 30, 1934.

Charles O'Connor, Edward P. Marshall, and J. J. D. Cobb, for plaintiff in error.

M. C. Rodolf and W. D. Abbott, for defendant in error.

PER CURIAM. This was an action by John M. Hall against J. Garfield Buell to recover the sum of $1,027.40 which had been paid by plaintiff in compromise of a judgment which had been rendered against him in another action. The petition alleged that plaintiff and defendant were, for several months prior to July 22, 1926, interested as partners in the marketing of a patented tire inflation appliance; that on said date plaintiff sold his interest in the business to the defendant; that defendant, as a part of the consideration for the sale, agreed to assume and pay the partnership debts; that said partnership prior to the dissolution owed the Modern Screw Products Company the sum of $1,150.42; that said company sued plaintiff, defendant, and another, and procured judgment against plaintiff for the said sum; that plaintiff settled said judgment by paying the sum of $1,027.40 and asked for judgment over against defendant on his indemnity agreement for the amount so paid. The defendant denied that the account upon which judgment was rendered against plaintiff was a charge against the partnership, and denied that he had agreed to pay any of the outstanding bills of the partnership. Trial was had to a jury, and a verdict was rendered in favor of plaintiff and against the defendant for the amount sued upon. From the order denying the motion for new trial, defendant has appealed and assigns nine grounds for the reversal of the judgment.

It is first contended that defendant's demurrer to plaintiff's evidence should have been sustained. In connection with this assignment, let us examine plaintiff's evidence. Plaintiff testified that at the time he sold his interest in the partnership, defendant as a part of the consideration agreed to assume any liabilities of the partnership. The petition of the Modern Screw Products Company, the answer of John M. Hall, and the verdict of the jury and the journal entry of judgment in the first case mentioned were offered in evidence either as a part of the direct examination or of the cross-examination and as a part of plaintiff's case. The petition alleges a joint and several liability against Hall and Buell and not a partnership account. The verdict of the jury was a finding against Hall as an individual and not on a partnership account. The judgment on the verdict was also an individual judgment against Hall without reference to a partnership liability. Hall's action was based upon Buell's promise to pay partnership accounts and the judgment roll in the former case showing an individual liability having been put in evidence, Buell contends that that judgment is conclusive on Hall as to the character of the account, on which the judgment is based. In other words, it is contended that the former judgment determined the liability to be an individual one, which is conclusive upon plaintiff. With this contention we reluctantly agree. Section 8126, C. O. S. 1921 (11647, O. S. 1931), provides as follows:

"Every general partner is liable to third persons for all the obligations of the partnership, jointly with his copartners."

This section has been construed in a number of cases to the effect that the statute does not permit an individual judgment to be rendered in a suit against a partnership Heaton v. Schaeffer, 34 Okla. 631, 126 P. 797: Spangenberg v. Galena Perforating Co., 92 Okla. 185, 218 P. 804. The theory is that, the debt being a joint obligation, the judgment must be joint or a partnership liability, because all facts necessary to support the judgment must have been adjudicated consistently with the judgment. The question of whether that demand was a partnership demand or an individual demand was directly in issue in the first case. We do not have the evidence in that case before us, and that judgment is a valid final judgment. The issue of whether the liability was a partnership or an individual liability was necessarily determined in favor of an individual liability, or else that character of verdict and judgment would not have been rendered.

Having concluded that the judgment in the case of Modern Screw Products Co. v. Hall determined the liability to be a several liability against Hall, let us ascertain whether or not, in the face of that judgment, plaintiff will be permitted to prove that the demand was in fact a partnership liability. As to the conclusiveness of a former judgment as to an indemnitee, 31 C. J. 464, gives the rules as follows:

"The indemnitee is concluded as to facts established in the former action against him; and hence, if it appears that the judgment in the first action was based upon a finding of fact fatal to the recovery in the second, the action over cannot be maintained."

In Boston & Maine R. R. Co. v. Brackett, 71 N. H. 494, 53 Atl. 304, the railroad company was held liable for injuries to an employee. The company then sued Brackett to recover the amount of judgment, alleging that Brackett had agreed to keep the property upon which the employee was injured in a suitable condition for the use of its employees. In the second action it was attempted to prove that the cause for which judgment had been rendered against the railroad company was different than as shown by that judgment. The court held that the judgment in the first case was conclusive upon the railroad in the second case, and in the opinion said:

"The judgment in such case is also conclusive upon the defendants in the first action, in their character of plaintiffs in the second, as to the facts therein determined. Hence, if it appears that the judgment in the first action was based upon a finding of fact fatal to the recovery in the second, the action over cannot be maintained. Gregg v. Page Belting Co., 69 N. H. 247."

To the same effect is the case of Knippenberg v. Lord & Taylor, 184 N. Y. S. 785, where it was held:

"Judgment for personal injuries recovered by a pedestrian against the driver of an automobile is conclusive proof, in his action against the operator of a motor truck as having forced him to strike the pedestrian, that he, the automobile driver, was legally liable for the injuries to the pedestrian, and he cannot be heard to litigate such point over again in his action against the truck operator."

It seems that this court has never had occasion to pass directly upon this question, but the text-writers and the courts of last resort from a number of states concur in the rule above announced, and, so far as our investigation has gone, we are unable to find any contrary holding. Central of Georgia Ry. Co. v. Macon Ry. & Light Co. (Ga.

App.) 71 S. E. 1076; Erie County Elec. Co. v. Mutual Tel. Co., 265 Pa. 181, 108 Atl. 524.

The rule of estoppel by judgment, which is a related principle, has frequently been applied by this court. Richardson v. Southern Cotton Seed Oil Co., 15 Okla. 263, 81 P. 781; Adams v. State ex rel. Mothersead, 133 Okla. 194, 271 P. 946; Johnson v. Gillett, 66 Okla. 308, 168 P. 1031.

In the case of Adams v. State, supra, this court said:

"The estoppel is not confined to the judgment, but extends to all facts involved in it as necessary steps, or the groundwork upon which it must have been founded. It is allowable to reason back from a judgment to the basis on which it stands, upon the obvious principle that, where a conclusion is indisputable and could have been drawn only from certain premises, the premises are equally indisputable with the conclusion. Johnson v. Gillett, 66 Okla. 308, 168 P. 1031."

Counsel for plaintiff, Hall, concedes the law to be as announced in the foregoing decisions, but says that that rule applies only to tort actions. All of the cases cited by counsel for defendant involve actions to recover from the indemnitor the amount of judgment rendered against the indemnitee in tort actions. However, we are unable to make the distinction contended for by counsel for plaintiff. In other words, why does it make any difference whether the judgment in the first action was based upon tort or contract, where there is a material issue of fact common to both actions? In either case the question as to the conclusiveness of the judgment only arises in the second action, where the suit must necessarily be based upon contract.

Counsel also says that it is admitted by Buell that the original liability to the Modern Screw Products Company was a partnership liability. We are inclined to think his testimony is entitled to such construction. But, if such evidence would otherwise make any difference, we are not here concerned with defendant's evidence. Defendant having demurred to plaintiff's evidence, we must determine the sufficiency of plaintiff's evidence as against the demurrer, and, if the demurrer was good, defendant should not have been called upon to give evidence.

The judgment rendered in the case of Modern Screw Products Co. v. Hall et al. necessarily involves a finding of fact that the demand against Hall was a several demand and not a partnership demand. Under this theory Buell could not be liable, because his contract of indemnity went only

to partnership obligations. It becomes unnecessary to consider any other assignment of error. The judgment of the trial court is therefore reversed and the cause remanded, with instructions to enter judgment for defendant Buell.

The Supreme Court acknowledges the aid of Attorneys A. L. Jeffrey, Malcolm McKenzie, and G. A. Paul in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of the law and facts was prepared by Mr. Jeffrey, and approved by Mr. McKenzie and Mr. Paul, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.