Builders Supply Company *v.* McCabe, Appellant.

Argued September 26, 1950. Before DREW, C. J., STERN, STEARNE, JONES, LADNER and CHIDSEY, JJ.

324

Ralph S. Davis, Jr., with him George Y. Meyer, John L. Wilson and Wagner & Wagner, for appellant.

Lee C. McCandless, for appellee.

OPINION BY MR. JUSTICE HORACE STERN, January 2, 1951:

This case arises out of an accident on an Ohio highway. Plaintiff, Builders Supply Company, an Ohio corporation with its office located at Akron, was operating its truck in a northerly direction on Arlington Street in that City. Defendant, P. J. McCabe, a resident of Butler County, Pennsylvania, was operating his automobile in an easterly direction on Wilbeth Road. As they entered the intersection plaintiff's driver, in order to avoid defendant's automobile, pulled his truck over to the southbound lane of travel, with the result that he ran head-on into a truck which was then proceeding southward driven by one Pietropaolo; there was no contact between defendant's automobile and either of the two trucks. Pietropaolo brought suit against plaintiff in Ohio, claiming damages for personal injuries and for necessary repairs to his truck; he alleged that plaintiff had operated its truck in a negligent manner by failing to keep it under proper control, driving it at an excessive speed, being unable to stop it within the assured clear distance ahead, and thereby causing it to be driven to the wrong side of the highway. Plaintiff filed an answer denying that it was guilty of any negligence. The court heard testimony presented by both parties, decided in favor of Pietropaolo, and entered judgment in his favor in the sum of $3000. Plaintiff paid this judgment, and having, at the time the suit was brought, demanded of McCabe that he assume

the defense and notified him that it would look to him for indemnity, it brought the present action against him, alleging in its statement of claim that the accident had been caused by his negligence and seeking to recover from him the damages to its truck and the amount it had paid on the judgment recovered against it "or such part thereof as the defendant may be responsible for under the Ohio law if he is found to be only a joint tortfeasor." The item of damages to its truck was compromised and settled by the parties out of court, and the case went to trial only for the recovery of the $3000 which plaintiff had paid to satisfy the judgment. A verdict was rendered in its favor for $3000 and interest thereon, and, defendant's motions for a new trial and for judgment n.o.v. having been overruled, defendant appeals.

It will be noted that plaintiff's statement, of claim sought recovery either for the entire $3000, which, if allowed, would be by way of *indemnity,* or such part thereof as might be recoverable if it were found the plaintiff and defendant were joint tortfeasors, which, if allowed, would be by way of *contribution.* There is, of course, a fundamental difference between indemnity and contribution. The right of *indemnity* rests upon a difference between the primary and the secondary liability of two persons each of whom is made responsible by the law to an injured party. It is a right which enures to a person who, without active fault on his own part, has been compelled, by reason of some legal obligation, to pay damages occasioned by the initial negligence of another, and for which he himself is only secondarily liable. The difference between primary and secondary liability is not based on a difference in *degrees* of negligence or on any doctrine of *comparative* negligence,—a doctrine which, indeed, is not recognized by the common law; (see *Fidelity & Casualty Co. of New York v. Federal Express, Inc.,* 136 F. 2d 35, 40).

It depends on a difference in the *character* or *kind* of the wrongs which cause the injury and in the nature of the legal obligation owed by each of the wrongdoers to the injured person. Secondary liability exists, for example, where there is a relation of employer and employee, or principal and agent; if a tort is committed by the employee or the agent recovery may be had against the employer or the principal on the theory of respondeat superior, but the person primarily liable is the employee or agent who committed the tort, and the employer or principal may recover indemnity from him for the damages which he has been obliged to pay. Another example, and perhaps the most familiar one, is when a pedestrian is injured by falling in a hole in the pavement of a street; in such a case the abutting property owner is primarily liable because of his failure to maintain the pavement in proper condition, but the municipality is secondarily liable because of its having neglected to perform its duty of policing the streets and seeing to it that the property owners keep them in repair; if therefore the injured person chooses to bring suit against the municipality the latter can recover indemnity from the property owner for the damages which it has been called upon to pay. Many other illustrations might, of course, be given, as, for example, where a person injured by the leakage of gas from a defective pipe recovered damages from the gas company which maintained the pipe, the gas company was held entitled to recover indemnity from a street railway company whose negligent excavation in the street had caused the pipe to break: *Philadelphia Company v. Central Traction Co.,* 165 Pa. 456, 30 A. 934. So likewise, where there was an explosion in one of the mains of a gas company causing the collapse of a vault under the sidewalk and injuring two persons on the pavement, and the latter brought suit and recovered judgment against the property owner for failure to

maintain the pavement in a safe condition as required by law, the property owner, having paid the judgment, was allowed recovery of indemnity from the gas company which had negligently created the condition: *Orth v. Consumers Gas Co.*, 280 Pa. 118, 124 A. 296. So, where the owners of a store property who maintained an opening in their sidewalk were obliged to pay damages for injuries received by a pedestrian who fell into the opening and was injured, recovery of indemnity was allowed from a contractor employed by them to take waste material from the premises, and who, in the course of the work, removed the iron grills above the opening and did not properly guard it; obviously the contractor's was the primary, the property owners' the secondary liability for the injury which occurred: *Globe Indemnity Co. v. Schmitt*, 142 Ohio St. 595, 53 N.E. 2d 790; *Maryland Casualty Co. v. Frederick Co.*, 142 Ohio St. 605, 53 N.E. 2d 795. Where a workman, sent by a stevedore on board a lighter to receive and stow a cargo of sugar being discharged from a ship, was injured by falling from an insecure ladder leading from the deck of the ship to the lighter, and recovered damages from his employer, the latter was permitted to recover indemnity from the owner of the lighter on the ground of the latter's primary responsibility to provide safe access to it for the stevedore's workmen: *The No. 34*, 25 F. 2d 602. Where a retailer of meat which proved to be unwholesome was sued for damages by the purchaser, in which suit the meat-packer was joined as a defendant, it was held that the joinder was improper because the liability of the packer and that of the retailer differed in character and kind, that of the packer being primary and that of the retailer secondary: *Kniess v. Armour & Co.*, 134 Ohio St. 432, 17 N.E. 2d 734.

Without multiplying instances, it is clear that the right of a person vicariously or secondarily liable for a

tort to recover from one primarily liable has been universally recognized. But the important point to be noted in all the cases is that secondary as distinguished from primary liability rests upon a fault that is imputed or constructive only, being based on some legal relation between the parties, or arising from some positive rule of common or statutory law or because of a failure to discover or correct a defect or remedy a dangerous condition caused by the act of the one primarily responsible. In the case of *concurrent* or *joint* tortfeasors, having no legal relation to one another, each of them owing the same duty to the injured party, and involved in an accident in which the injury occurs, there is complete unanimity among the authorities everywhere that no right of indemnity exists on behalf of either against the other; in such a case, there is only a common liability and not a primary and secondary one, even though one may have been very much more negligent than the other. The universal rule is that when two or more contribute by their wrongdoing to the injury of another, the injured party may recover from all of them in a joint action or he may pursue any one of them and recover from him, in which case the latter is not entitled to indemnity from those who with him caused the injury. In support of so firmly an accepted and established principle there need be cited at random merely such characteristic and illustrative cases as *Union Stock Yards Co. of Omaha v. Chicago, Burlington & Quincy R.R. Co.*, 196 U. S. 217; *Massachusetts Bonding & Insurance Co. v. Dingle-Clark Co.*, 142 Ohio St. 346, 353, 354, 52 N.E. 2d 340, 343, 344 (citing a multitude of cases) ; *Globe Indemnity Co. v. Schmitt*, 142 Ohio St. 595, 599, 53 N.E. 2d 790, 792; *Fidelity & Casualty Co. of New York v. Federal Express, Inc.*, 136 F. 2d 35, 40; *Central of Georgia Rwy. Co. v. Macon Rwy. & Light Co.*, 9 Ga. App. 628; 71 S.E.

1076; *City of Tacoma v. Bonnell*, 65 Wash. 505, 118 P. 642; *Nunamaker v. Finnegan*, 110 Pa. Superior Ct. 404, 407-409, 168 A. 482, 484.

Apparently admitting in its statement of claim, as obviously it must, that if it was guilty of any negligence which contributed to the happening of the accident—thereby making it and defendant joint tortfeasors—it cannot obtain indemnity from defendant, plaintiff argues that the verdict of the jury in the present action established that it was *not* negligent and that the accident was due solely to defendant. But plaintiff cannot successfully support such a position in view of the fact that in the initial action in Ohio Pietropaolo sued to recover damages on the ground that plaintiff was negligent and had thereby caused his injuries; plaintiff in its answer denied such negligence; that raised the sole issue tried in the action and judgment was entered against plaintiff,—a result which could have been reached only on a finding that plaintiff was negligent either in whole or in part; there is no legal doctrine in Ohio of liability in such cases without fault. Having, therefore, in the present action, placed the record of the Ohio suit in evidence for the purpose of proving that judgment was obtained against it for the sum now claimed, it cannot repudiate the basis, shown in the record, on which that judgment was recovered; to allow it to do so would be to permit it to recover from defendant because of a judgment which, it would now be obliged to assert, was incorrect and unjust and based upon a false finding of fact. In dealing with such a situation there is complete unanimity among the authorities in declaring that the plaintiff, in an action to recover indemnity, is bound by all findings and conclusions without which the judgment could not have been rendered. In our own State, more than 100 years ago, it was said by this Court, per Mr. Justice

KENNEDY, *in Weckerly* v. *Lutheran Congregation,* 3 Rawle 172, 180, that "It appears to me that whenever a plaintiff introduces and makes the record of an action, and a recovery therein against himself, the foundation of his suit or basis of his claim in an action brought by him afterwards against a third person, he is not at liberty to deny the principle, upon which it appears from the face of the record itself, that the action was decided, and the recovery had against him, or in other words, to prove, that the recovery was wrong. . . . It is said, that the plaintiff produced and gave in evidence these records to show the amount of recoveries against him; which he claimed to have of the defendants; but surely it was quite as necessary, that he should also prove and show the cause, for which their recoveries were had, for without that being done, it would be impossible to connect these defendants in any way with those recoveries. And how could that be legally done, but by the record . . . where the cause of action appears to be fully set forth and spread upon it."

In *Erie County Electric Co. v. Mutual Telephone Co.,* 265 Pa. 181, 108 A. 524, a lineman of a telephone company was killed by coming in contact with an uninsulated electric wire. His widow recovered damages in a suit against the electric light company; it was held that that company could not recover the amount of the judgment against it from the telephone company because the record of the damage suit offered in evidence by the electric company showed that the judgment recovered therein was based on a finding that the electric company had been negligent in permitting the wire to remain uninsulated. The Court said (p. 184, A.p. 525) : "The plaintiff offered in evidence . . . in support of its claim against the appellee [the defendant] the entire record in the action brought against it by Vera M. Phillips. By that record it has bound itself, and it is not now 'at liberty to deny the principle,

upon which it appears, from the face of the record itself, that the action was decided, and the recovery had against [it], or, in other words, to prove that the recovery was wrong.' "

In *Atlanta Consolidated Street Rwy. Co. v. Southern Bell Telephone & Telegraph Co.*, 107 F. 874, the facts were quite similar to those in the Pennsylvania case just cited. Having paid the judgment against it the company that had been originally sued brought an action to recover over against the company which was the decedent's employer, alleging that the accident was due to the negligence of the latter company. It was held that such action could not be maintained since the judgment on which it was based was necessarily recovered upon an adjudication that the defendant company in the first suit had been guilty of negligence, which rendered it at least a joint tortfeasor and precluded it from recovery over.

In *Fidelity & Casualty Company of New York v. Federal Express, Inc.*, 136 F. 2d 35, 39, it was said: "A defendant in a negligence case who pays the judgment and sues a third party for indemnity is estopped from showing that the prior judgment was based on an incorrect finding of the facts."

In *American Surety Co. of New York v. Singer Sewing Machine Co.*, 18 F. Supp. 750, 753, 754, it was said by the court: "Where an indemnitee has been held liable in an earlier action brought against him by a third party and later brings suit to recover over against an indemnitor for the loss so sustained, the indemnitee is concluded as to facts established against him in the earlier action, and if the judgment in the earlier action rested on a fact fatal to recovery in the action over against the indemnitor, the later action against the indemnitor may not be successfully maintained. [citing many cases]. The reason is plain enough. In such a case the indemnitee himself relies on the judgment

against him in the earlier action as the basis of his right of recovery over, and with the judgment he must take for better or worse the adjudicated facts on which the judgment rests."

In *Lewis v. United Air Lines Transport Corporation,* 34 F. Supp. 124, 127, the court said: "But Air Lines overlooks the well established rule that one whose active negligence has been adjudicated cannot, in an action over, invoke the judgment as proof of his liability to the tort claimant and still escape its effect as a determination of his own primary liability precluding any recovery over." [citing cases].

In *New York & Queens Transit Corporation v. Brooklyn Union Gas Co.,* 12 N.Y.S. 2d 1 (aff. 283 N.Y. 732, 28 N.E. 2d 964) the court said (p. 2): "In its action for indemnity, appellant alleges that Sinski's injuries 'were due wholly to the negligence of the defendant . . . and were in no wise caused or contributed to by any negligence on the part of this plaintiff.' In effect, appellant contends that the jury was wrong and that the issue between respondent and itself should be tried *de novo.* But the basis of its cause of action, if any, is the judgment against it which it satisfied by payment of the sum it now seeks from respondent. If that judgment was erroneous, respondent is in no wise responsible therefor. The fact remains that in the very judgment constituting the basis of plaintiff's alleged cause of action, it is inherent that appellant was guilty of negligence independent of any which might be attributed to respondent. At best, from the standpoint of the appellant, the respondent may have been a joint tortfeasor. The general rule, therefore, is applicable, namely, that one joint tortfeasor may not recoup as against another."

In *Boott Mills v. Boston & Maine R.R.,* 218 Mass. 582, 594, 106 N.E. 680, 685, 686, the Court said: "The plaintiff relies upon the well recognized exception to

the general rule that there can be no contribution between joint tortfeasors, to the effect that a plaintiff may recover over against other joint tortfeasors, where, although he has been negligent as to third persons in failing to perform a duty cast on him by law, he nevertheless has acted in good faith and has not participated in any wrongful conduct, . . . . It is manifest, however, . . . . that this principle cannot apply, because judgment has been recovered against it for causing the death of its employee, which could only have been assessed in the substantial amount alleged by reason of some degree of direct culpability on its part. . . . such a verdict . . . could not have been recovered against the plaintiff if, as between it and the present defendant, it was free from any wrongdoing. It follows that the principle which the plaintiff invokes as the ground of its right to recover has no application to the facts disclosed by its declaration."

In *Gregg v. Page Belting Co.*, 69 N.H. 247, 46 A. 26, an employee brought action against his employers for injuries sustained in the fall of an elevator and obtained judgment against them. In an action over for indemnity against a company which had improperly repaired the belt by which the elevator was operated the court held that the judgment in the first action was binding on all points which were there adjudicated, and, since the jury there must have found that the present plaintiffs were themselves guilty of negligence they could not recover indemnity from defendant by now attempting to prove that the accident was caused by the sole negligence of defendant and that they themselves were innocent of any negligence which contributed to the happening of the accident.

In *Boston & Maine R.R. v. Brackett*, 71 N.H. 494, 496, 53 A. 304, 305, the Court said, in an action over for indemnity: "The judgment in such case is also con-

clusive upon the defendants in the first action, in their character of plaintiffs in the second, as to the facts therein determined. Hence, if it appears that the judgment in the first action was based upon a finding of fact fatal to the recovery in the second, the action over cannot be maintained."

In *Edinger & Co. v. Southwestern Surety Insurance Co.*, 182 Ky. 340, 206 S.W. 465, plaintiffs had an insurance policy indemnifying them against tort liability, but which exempted the insurance company from liability for damage caused by vicious horses used by plaintiffs. One Humphrey was knocked down by a mule belonging to plaintiffs, brought suit and recovered judgment against them. Plaintiffs then sued the insurance company to recover the amount of the judgment which they had paid. The court stated that the issue in Humphrey's suit was whether the mule was a vicious one; the judgment was therefore conclusive of that fact, and "the judgment cannot be separated from the facts on which it was based." Accordingly it was held that plaintiffs could not recover in their action against the insurance company by attempting to prove the contrary.

In *Massachusetts Bonding & Insurance Co. v. Dingle-Clark Co.*, 142 Ohio St. 346, 357, 52 N.E. 2d 340, 345, the Court said: "The steel company was charged in Henzi's petition in the original action with . . . failure to barricade the pit and failure to light the premises. There was a general verdict by the jury which constituted a finding against the defendant steel company on both issues. . . . This finding against it is conclusive as to its negligence being concurrent with that of The W. H. Fay Moving Company as the proximate cause of Henzi's injury. . . . Since the steel company, under the record, must be found to have been a concurrent tortfeasor with the defendants, the plaintiff . . . is not entitled to indemnity against the defendants in this action."

In *Buell v. Hall,* 169 Okla. 394, 37 P.2d 308, in a suit against a former partner for indemnity to recover the amount paid by plaintiff to one whom he alleged to be a partnership creditor, it was held that, since the judgment could not have been obtained against plaintiff except for an individual liability, he was concluded in the present action by the fact thus determined against him in the original suit.

In short, it is a firmly established principle of law that, as stated in 42 C.J.S. 619, §32(2)b: "The indemnitee is concluded as to facts established in the former action against him; and hence, if it appears that the judgment in the first action was based on a finding of fact fatal to the recovery in the second, the action over cannot be maintained. Moreover, one whose active negligence has been adjudicated cannot in an action over invoke the judgment as proof of his liability to the tort claimant and at the same time escape its effect as a determination of his own primary liability precluding any recovery over." See also Rest. Judgments, §107, pp. 517, 518, comment h.

It being clear, then, that plaintiff's own negligence as a contributing factor in the accident is established by the record in the Ohio case, and since therefore it cannot recover *indemnity* from defendant on any theory of primary and secondary liability or of comparative degrees of negligence, we come to the remaining question whether it can obtain *contribution* from defendant as a joint tortfeasor. Had the accident occurred in Pennsylvania such a right of recovery undoubtedly would exist: *Goldman v. Mitchell-Fletcher Co.,* 292 Pa. 354, 141 A. 231; Act of June 24, 1939, P. L. 1075. Unfortunately for plaintiff, however, the law of Ohio, like that of many other jurisdictions, holds that there is no right of contribution between joint tortfeasors whose concurrent negligence has made them liable in damages:

*Royal Indemnity Co. v. Becker,* 122 Ohio St. 582, 173 N.E. 194; *Globe Indemnity Co. v. Schmitt,* 142 Ohio St. 595, 53 N.E. 2d 790; *Maryland Casualty Co. v. Frederick Co.,* 142 Ohio St. 605, 53 N.E. 2d 795; *Fidelity & Casualty Co. of New York v. Federal Express, Inc.,* 136 F. 2d 35, 41. Since the right of contribution is a quasi-contractual right arising by reason of an implied engagement of each to help bear the common burden, if such contractual obligation is not recognized as existing in the State where the accident occurred it cannot be enforced in any other jurisdiction. If it seem inequitable that plaintiff should be burdened with the payment of the damages arising from the accident without recourse to contribution from defendant, the denial to plaintiff of such relief must be charged solely to the Ohio law which precludes the right of contribution in such cases.

Judgment reversed and here entered for defendant.