## HOPKINS v. GUTH (NEW JERSEY ZINC CO. of Pa., third party defendant).

### No. 13121.

United States District Court
E. D. Pennsylvania.

Feb. 5, 1953.

Leon H. Kline and David Berger, Philadelphia, Pa., Martin H. Philip, Slatington, Pa., for plaintiff.

Isaac S. Grossman, Philadelphia, Pa., Charles G. Helwig, Allentown, Pa., for defendant and third-party-plaintiff.

Henry T. Reath and John B. Martin, Philadelphia, Pa., for third-party-defendant.

GANEY, District Judge.

Plaintiff brought an action under the Pennsylvania Death and Survival Statutes, 12 P.S. § 1601 et seq., 20 P.S. c. 3 Appendix, § 771 et seq., against Harry S. Guth, trading as Guth's Saddlery, a manufacturer and seller of safety belts. Diversity is the sole basis for this court's jurisdiction.

In substance the complaint alleges as follows: On June 14, 1951, the deceased, while he was cleaning a roof in the course

of his employment, fell to the ground and was fatally injured when the safety belt which he was wearing for bodily support gave way. The belt was defective and broke because of its negligent manufacture by defendant. The deceased had been supplied with the belt by his employer, The New Jersey Zinc Company (of Pa.), which in turn had purchased it from defendant, Guth.

After Guth filed an answer in which he denied the allegations of fault on his part and states "if there is any liability at common law, The New Jersey Zinc Company (of Pa.) is responsible and there is no liability on the part of defendant", he brought The Zinc Company on the record as a third-party defendant. The latter has filed a motion to dismiss the third-party complaint on two grounds: First, it alleges facts, which if true, would exonerate Guth from all liability to plaintiff. Second, the complaint does not aver facts to support a claim of indemnity or contribution.

■■■ Obviously if it should turn out, as he claims it will, that Guth was in no wise responsible for deceased's fall, the third-party action must fail. But an allegation in the third-party complaint forecasting this result is not solely for that reason a ground for dismissing that pleading at this stage of the proceedings. A third-party plaintiff is allowed the same pleading privileges as an original plaintiff is permitted under Rule 8(e)(2) of the Federal Rules of Civil Procedure, 28 U.S.C.A., and correspondently the same rules are to be applied to test the legal sufficiency of each one's complaint.

■■■ On the other hand, if it should turn out that the jury should find Guth responsible for deceased's fall, it would seem that under Pennsylvania law he could not be made whole at The Zinc Company's expense in this action.[1] Builders Supply v. McCabe, 1951, 366 Pa. 322, 77 A.2d 368, 24 A.L.R.2d 319. Merely because Guth, under a mistake of law, makes a request for indemnity instead of contribution in the third-party com-

plaint, it does not follow that he should be barred from showing that he and The Zinc Company were joint tort-feasors. From our reading of the third-party complaint we cannot say that Guth is unable to prove a case for contribution under subsections (c), (f), (h) and (i) of paragraph seven of the third-party complaint. See 2 Moore's Federal Practice (2nd Ed.) § 12.08. However, since The Zinc Company has raised the question, we suggest that Guth amend his complaint to include a claim for contribution.

Accordingly, unless Guth amends his third-party complaint as suggested within twenty days from the date of this opinion, The Zinc Company's motion to dismiss will be allowed; when such an amendment is made The Zinc Company's motion will be denied provided the amendment is filed within the stated time limit.

---

1. All the operative facts occurred in Pennsylvania.