CITY OF PITTSBURGH, a municipal corporation, Plaintiff,

v.

UNITED STATES of America, Defendant.

Civ. A. No. 64–831.

United States District Court
W. D. Pennsylvania.

Jan. 7, 1965.

David W. Craig, City Sol., Pittsburgh, for plaintiff.

Gustave Diamond, U. S. Atty., for defendant.

DUMBAULD, District Judge.

This is a suit against the United States under the Tort Claims Act. 28 U.S.C. § 1346(b) gives this court jurisdiction of "civil actions on claims against the United States, for money damages * * * for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 2674 excludes liability for punitive damages, or interest prior to judgment. 28 U.S.C. § 2679 makes the remedy exclusive. 28 U.S.C. § 2680 contains exceptions regarding discretionary action, and other specific types of claims, such as negligent transmission by mail, and the like. 28 U.S.C. § 2402 bars jury trial.

From the record we find the following undisputed facts:

Plaintiff, the City of Pittsburgh, was sued in the Court of Common Pleas of Allegheny County, Pennsylvania, by a pedestrian, Mary Manion, who fell and sustained personal injuries by reason of the defective condition of the sidewalk in front of the Victory Building, an edifice in that city owned and occupied by the Government.

The City notified the Government of the suit, and even undertook to bring the United States upon the record as an additional defendant which the Government successfully resisted in the State court. The City also undertook to remove the case to federal court, but this move failed for lack of diversity of citizenship. A verdict of $1,100 in favor of Mrs. Manion was paid by the City, with costs and interest, amounting to a total of $1,165.27. The City now seeks reimbursement by the United States.

Under Pennsylvania law the owner and occupier of real estate is primarily liable to persons injured by its defective condition, but the municipality is also liable to the injured persons, as a sort of surety. If the City is obliged to pay, the property owner is liable over. The property owner's liability is primary; the city's secondary. Wright v. City of Scranton, 128 Pa.Super. 185, 191–192, 194 A. 10 (1937); Beebe v.

City of Philadelphia, 312 Pa. 214, 216, 167 A. 570 (1933); Builders Supply Co. v. McCabe, 366 Pa. 322, 326, 77 A.2d 368, 24 A.L.R.2d 319 (1951). Secondary liability "rests upon a fault that is imputed or constructive only, being based on some legal relation between the parties, or arising from some positive rule of common or statutory law or because of a failure to discover or correct a defect or remedy a dangerous condition caused by the act of the one primarily responsible." Such secondary liability is to be distinguished from the concurrent liability of a joint tortfeasor. Ibid., at 328, 77 A.2d at 371.

The first troublesome issue is whether the City's cause of action is a tort claim at all. It is really a claim for reimbursement, akin to a quasi-contractual claim to prevent unjust enrichment. It is one "based on some legal relation between the parties, or arising from some positive rule of common or statutory law", just as is the City's *secondary* liability as defined in the above-quoted language of Chief Justice Stern.

But this issue seems to be resolved by authority in favor of plaintiff. Chicago Rock Island & Pacific Ry. Co. v. United States, 220 F.2d 939, 940 (C.A. 7, 1955); United States v. Yellow Cab Co., 340 U.S. 543, 548, 71 S.Ct. 399, 95 L.Ed. 523 (1951). The revisers substituted "for" for "on account of" but the meaning is presumably the same.

Therefore, the United States is liable if a private property owner would have been liable under Pennsylvania law for the amount of Mrs. Manion's recovery. It is clear that a private property owner would have been liable. Therefore, judgment must be rendered against the United States.

While it is true that procedurally the liability of the United States and the amount thereof, must, as defendant contends, be independently adjudicated by a federal court sitting without a jury, that adjudication is supplied by the present opinion, based on the law as above stated and the facts as to which there is no genuine dispute.

The Government's brief indicates that it wishes to contest the extent of Mrs. Manion's injury and the issues of contributory negligence.

But the action in this Court does not involve retrial of the suit against the City or a rehashing of the negligence case tried in the State court.

As pointed out above, this is not a negligence case, brought by the injured party directly against the United States, where this Court would have to pass upon the issues of negligence and contributory negligence.

This case, on the other hand, as has been pointed out above, is really a quasi-contractual claim for reimbursement.

Since Pennsylvania law governs the liability of the United States, and Pennsylvania law prescribes that the property owner is liable over to the City for the amount the City duly paid (not for some other hypothetical amount that some other second-guessing court might award as appropriate), the United States should pay the City of Pittsburgh the amount of $1,165.27, and I now so find and hold.

This opinion shall be deemed to embrace this Court's independent findings of fact and conclusions of law.

## JUDGMENT

And now, this 7th day of January, 1965, upon consideration of plaintiff's motion for summary judgment and of briefs in support thereof and in opposition thereto,

It is ordered, adjudged, decreed, and finally determined that said motion be and the same hereby is granted, and that judgment be and it hereby is entered in favor of plaintiff, City of Pittsburgh, and against defendant, United States of America, in the amount of $1,165.27, with interest from the date hereof, and costs to the extent that costs against the United States in this Court are allowable by law.