Freddie PETITE

v.

**MEHL MANUFACTURING COMPANY,**
Defendant/Third-Party Plaintiff,

v.

**GLOBE RUBBER PRODUCTS CORPO-
RATION,** Third-Party Defendant.

Civ. A. No. 42866.

United States District Court,
E. D. Pennsylvania.

Jan. 19, 1970.

As Amended Jan. 23, 1970.

Jerome H. Ellis, Verlin, Goldberg, Ellis & Epstein, Philadelphia, Pa., for Freddie Petite.

Richard H. Elliott, Clark, Ladner, Fortenbaugh & Young, Philadelphia, Pa., for Mehl Manufacturing Co.

Joseph J. Murphy, Murphy, Veldorale, Weisbord & Dougherty, Philadelphia, Pa., for Globe Rubber Products Corp.

## MEMORANDUM ORDER

HIGGINBOTHAM, District Judge.

Third-party defendant, Globe Rubber Products Corporation, moves for dismissal of defendant third-party plaintiff, Mehl Manufacturing Company's complaint or for summary judgment against Mehl Manufacturing Company. Globe Rubber Products Corporation claims that Mehl Manufacturing Company "is precluded from indemnity contractually and cannot have indemnity at law because such indemnity does not exist in Pennsylvania." (Globe Rubber Products Corporation's brief, p. 3). Globe Rubber Products Corporation further contends that since its compensation insurance carrier has made payments to plaintiff, Freddie Petite, and has had its liability to Petite adjudicated in accordance with the Pennsylvania Workmen's Compensation Law, 77 P.S., § 1 et seq., third-party defendant Globe Rubber Products Corporation is precluded from liability by way of indemnity to Mehl Manufacturing Company.

The Pennsylvania Supreme Court has established that the recovery

of indemnity is not limited to cases where a legal relationship exists between a party primarily liable and a party secondarily liable. In Builders Supply Company v. McCabe, 366 Pa. 322 at 325, 77 A.2d 368 at 370 (1951), Justice Stern stated that "the right of indemnity rests upon a difference between the primary and the secondary liability of two persons each of whom is made responsible by the law to an injured party. It is a right which enures to a person who, without active fault on his own part, has been compelled, by reason of some legal obligation, to pay damages occasioned by the initial negligence of another, and for which he himself is only secondarily liable."

 The principles of the *McCabe* case were determinative in a recent case before the Court of Appeals for the Third Circuit, Tromza v. Tecumseh Products Company, 378 F.2d 601 (1967). See also Quinones v. Township of Upper Moreland, 293 F.2d 237 (1961). Globe Rubber Products Corporation's first contention—that the alleged lack of a contractual or other legal relationship is fatal to Mehl Manufacturing Company's third-party complaint—is thus without merit and dismissal of Mehl Manufacturing Company's third-party complaint or summary judgment against Mehl Manufacturing Company would be inappropriate.

But does the fact that Globe Rubber Products Corporation, as plaintiff's employer, has had its liability to *plaintiff* adjudicated in accordance with the Pennsylvania Workmen's Compensation Act, 77 P.S. § 1 et seq., preclude it from liability for indemnity to Mehl Manufacturing Company?

 In his extensive and thoughtful discussion of this question in Fisher v. United States, 299 F.Supp. 1, at 29 (D.C.1969), Chief Judge John W. Lord, Jr., of this Court concluded that "there is no Pennsylvania case or authority in point." The Chief Judge went on to consider competing policy considerations. Arguing policy, one might maintain: in the

absence of an express agreement, to allow an employee to recover against a secondarily negligent third party and then allow that third party to recover over the full amount from a primarily negligent employer in indemnity, would be to accomplish indirectly what cannot, because of the Compensation Statute, be done directly. But this policy argument ignores the problem of achieving an equitable adjustment of rights between a secondarily negligent outsider and a primarily negligent employer.

Quoting from Larson's well-known Treatise, Workmen's Compensation, Chief Judge Lord continues at page 30: " * * * The question here becomes very precise; did the compensation acts, in conferring immunity on the employer from common-law suits, mean to do so only at the expense of the injured employee, or also at the expense of outsiders? One answer is that the injured employee got *quid pro quo*, in receiving assured compensation payments as a substitute for tort recoveries, while the third party has received absolutely nothing, and hence should not be impliedly held to have given up rights which he had before. It is unfair to pull the third party within the principle of mutual sacrifice when his part is to be all sacrifice and no corresponding gain."

Chief Judge Lord accepted this latter argument and held that outsiders to the Workmen's Compensation Agreement were entitled to full indemnity against the negligent employer "without any limit arising from the Workmen's Compensation Act."

In an even more recent case, Wallenius Bremen G.m.b.H. v. United States, 409 F.2d 994 (1969), the Court of Appeals for the Fourth Circuit decided that the exclusive remedy provision of the Federal Employees' Compensation Act does *not* bar the claim of a third party for indemnity against the federal government for damages paid an injured government employee. The Court's reasoning in part was: "If the purpose of indemnity is to relieve the relatively in-

nocent wrongdoer and shift the burden to one whose conduct is more blameworthy, the fact that the latter has a personal defense if sued by the injured person would seem to be irrelevant." (P. 998).

Of course, I do not mean to express any opinion as to the ultimate merit, if any, of the third-party complaint. But finding third-party defendants' two legal arguments unavailing, I must deny Globe Rubber Products Corporation's motions for dismissal of the third-party complaint or summary judgment against Mehl Manufacturing Company.