Elliot C.R. COOK, et al.

v.

Harry Clayton COOK, Jr.

v.

DECHERT PRICE & RHOADS and William G. Klenk, II.

Civ. A. No. 82–2853.

United States District Court, E.D. Pennsylvania.

Feb. 1, 1983.

Toll, Ebby & Gough, Seymour I. Toll, and Michele Langer, Philadelphia, Pa., for plain-

---

tiffs Elliot C.R. Cook, ECRC Limited, Inc. and Nicole's, Inc.

Hunt, Kerr, Bloom, Hitchner, O'Brien & Conrad, K. Robert Conrad, and Robert A. Prentice, Philadelphia, Pa., for defendant Harry Clayton Cook, Jr.

Elwood S. Levy, Philadelphia, Pa., for third-party defendant Dechert, Price & Rhoads.

Berle M. Schiller, Astor, Weiss & Newman, Philadelphia, Pa., for third-party defendant William G. Klenk, II.

## MEMORANDUM

NEWCOMER, District Judge.

Before the court is the motion of the third-party defendant, William G. Klenk, II, to dismiss the third-party complaint. The motion will be granted.

The plaintiff, Elliot Cook, filed suit against the defendant, Clayton Cook, alleging breach of fiduciary duty, tortious interference with business relations, fraud, legal malpractice and waste. The defendant filed a third-party complaint against William Klenk, II, asserting that Mr. Klenk is liable to the defendant for indemnity.

At stake in this litigation is ownership and control of Nicole's, Inc., a corporation which operates La Terrasse, a popular Philadelphia restaurant. The key factual issue involved in the dispute is whether the defendant holds the majority of the shares of Nicole's, Inc. in trust for the plaintiff, as plaintiff asserts, or whether the defendant owns them outright.

The plaintiff alleges that certain actions taken by the defendant, which would be justified if the defendant owned the majority of the shares of Nicole's free and clear, are, in fact, tortious.

The defendant, in his third-party complaint, alleges that Klenk, who was at one time plaintiff's lawyer and a stockholder in Nicole's, had entered into a joint venture with the defendant. This joint venture, according to the defendant, led to the cre-

ation of Nicole's. The defendant asserts that if plaintiff's allegations that defendant owns the Nicole's stock in trust for the plaintiff are correct, then Klenk is guilty of breach of fiduciary duty to a joint venturer and fraud in that he failed to disclose plaintiff's beneficial interest in the stock to the defendant and took actions which were inconsistent with the existence of that interest.[1] The defendant asserts that as a result of these actions, Klenk would be bound to indemnify the defendant should the defendant be found liable to the plaintiff in this action.

Federal Rule of Civil Procedure 14(a) provides, in part, that "a defending party as a third-party plaintiff, may cause a . . . complaint to be served upon a person not a party to the action who is or may be liable to him for all or part of plaintiff's claim against him." A third-party claim may be asserted under this rule only when the third-party defendant is liable for indemnity or contribution. Impleader under Rule 14(a) is procedural and does not of itself create such right of indemnity or contribution. *Tesch v. U.S.*, 546 F.Supp. 526 (E.D.Pa.1982). In a case like the present one, in which jurisdiction rests solely on diversity, I must look to state law to determine whether a right to indemnity exists. *See* 3 J. Moore, *Federal Practice*, paragraph 14.03[7] and cases cited therein.

Under Pennsylvania law, indemnity is limited to those situations in which the defendant's liability is secondary or passive. *Tesch*, 546 F.Supp. at 529. *Builders Supply Co. v. McCabe*, 366 Pa. 322, 77 A.2d 368 (1951).

An examination of the pleadings in this case reveals that if Clayton Cook is liable to Elliot Cook, that liability is not secondary or passive. The Pennsylvania Supreme Court has defined secondary or passive liability as that which rests on imputed or constructive fault. *Builders Supply,* 366 Pa. at 328, 77 A.2d 368. The plaintiff's complaint, on the other hand, alleges

---

**1.** Klenk has, in a sworn statement filed with the court, supported plaintiff's allegations that

defendant holds the stock in trust for the plaintiff.

intentional misconduct on the part of the defendant. Because the defendant is primarily liable to the plaintiff, if he is liable at all, the defendant can have no right to indemnity under Pennsylvania law.

Because the defendant would not be entitled to indemnity from the third-party defendant, the third-party complaint does not comply with the requirements of F.R.C.P. 14(a) and it will be dismissed.