Robert C. ANDERSON, Administrator of the Estate of Thomas C. Anderson, Deceased, and in his own right

v.

**Dennis Alan DREIBELBIS,**

v.

**Jerry Lamont MIMS.**

**Civ. A. No. 84–3018.**

United States District Court,
E.D. Pennsylvania.

Sept. 5, 1984.

Jeffrey M. Stopford, Philadelphia, Pa., for plaintiff.

Edward Marcantonio, Philadelphia, Pa., for defendant.

## MEMORANDUM

NEWCOMER, District Judge.

This action arises out of the shooting death of plaintiff's decedent. Defendant now seeks to join a third-party defendant. Plaintiff does not oppose the motion. For reasons discussed below the motion will be granted.

Leave of court must be obtained to file a third-party complaint unless the pleading is filed within ten days after the third-party plaintiff files his answer. F.R.C.P. 14. Local Rule 22 provides that, as a general matter, applications for leave to join additional parties pursuant to F.R.Civ.Pro. 14 will be denied as untimely if filed more than ninety (90) days after service of the moving party's answer. The third-party complaint was, in fact, filed within the 90-day period and I therefore conclude it is timely.

■ Rule 14 permits a defendant to implead only those parties who "may be liable to him for all or part of the plaintiff's claim against him." A third-party defendant cannot be joined simply because he may be liable to the plaintiff. Third party liability is typically predicated upon a theory of contribution or indemnity, the viability of which is to be determined by reference to state law. Rule 14 is merely procedural and therefore creates no substantive rights. *Tesch v. United States*, 546 F.Supp. 526 (E.D.Pa.1982).

The complaint alleges that while employed as a night manager in a restaurant, defendant Dreibelbis disclosed to third-party defendant Mims information concerning security measures employed by the restaurant, knowing that Mims was seeking the information to evaluate the possibility of a successful armed robbery of the establishment. Plaintiff's decedent subsequently assumed defendant's position as night manager. Thereafter Mims advised defendant he planned to rob the restaurant in the immediate future, but defendant failed to warn either plaintiff's decedent or the authorities. That evening, in the course of an armed robbery attempt, Mims shot and killed plaintiff's decedent.

In his third-party complaint defendant alleges no new facts but avers that third-party defendant Mims is liable to him by way of contribution and/or indemnity.

■ Under Pennsylvania law a right of contribution arises only among joint tortfeasors. *Lasprogata v. Qualls*, 263 Pa.Super. 174, 178, 397 A.2d 803, 805 (1979). "Joint tortfeasors" is defined as "two or more persons jointly or severally liable in tort for the same injury to persons or property." 42 Pa.C.S.A. § 8322. Thus, the parties must either act together in committing the wrong or their acts, if independent of each other, must unite in causing a single injury. *Lasprogata*, 263 Pa.Super. at 179, 397 A.2d 803. Certain of the allegations of the complaint, if proven, could establish joint tortfeasor status. For example, if Dreibelbis assisted Mims in the commission of the robbery by giving him critical security information, the two could be joint tortfeasors.

■ Indemnity, on the other hand, is limited to situations in which the liability of one party is said to be secondary or passive to that of another:

It is a right which enures to a person who, without active fault on his own part, has been compelled, by reason of some legal obligation, to pay damages occasioned by the initial negligence of another, and for which he himself is only secondarily liable.

*Builders Supply Co. v. McCabe*, 366 Pa. 322, 325, 77 A.2d 368 (1951). To evaluate primary as against secondary liability courts have focused on factors such as active or passive negligence and knowledge of or opportunity to discover or prevent the harm. *Burch v. Sears*, 320 Pa.Super. 444, 467 A.2d 615, 622 (1983). Indemnity is typically available where, for example, an employer is held liable for his employee's tortious acts or a landowner is held liable for injuries resulting from a defect in his land which was created by another. *See Builders Supply*, 366 Pa. at 325, 77 A.2d 368.

While the present case is far from typical, I believe the circumstances presented could give rise to indemnity. Thus, if defendant merely knew of Mims' intended actions but did nothing to prevent them, a jury could find his negligence to be passive while that of Mims was active.

Accordingly, I will permit the third-party complaint to be served.